# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES A. BIGGLEST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV412-240 |
| THE MAYOR AND ALDERMAN OF THE CITY OF SAVANNAH, JOSEPH SHEAROUSE, PEARSON DELOACH, CHRIS FORAN, and MARY BETH ROBINSON, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Having just lost his discrimination and retaliation lawsuit against the city, *Bigglest v. City of Savannah Parking Services*, No. CV411-116, doc. 30 (S.D. Ga. August 10, 2012) (judgment dismissing his case on the merits), James A. Bigglest has taken no appeal but instead seeks a "do-over" with this case, CV412-240. While he has paused to rearrange the deck chairs on the same sinking ship (he names several additional defendants), in both cases he challenges his 2010 termination as a

"parking services officer" with the City of Savannah. (Doc. 1 at 4-5); CV411-116, doc. 1 at 4-5. In the Court's merits review of the original case, it found that he failed to rebut the City's claim that he had been terminated for his insubordinate, confrontational, and threatening behavior. CV411-116, doc. 27 at 6-7.

Basic *res judicata* doctrine applies here. *See In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Bigglest cannot continuously litigate the same subject matter over and over again. *Id.*; *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2nd Cir. 1998) ("*Res judicata* bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated.") (quotes and cite omitted); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 170-73 (E.D.N.Y. 2010); *Rameses, Inc. v. County of Orange*, 481 F. Supp. 2d 1305, 1311 (M.D. Fla. 2007) ("If a party seeks to relitigate matters that were litigated or could have been litigated in an earlier suit, *res judicata* requires dismissal of the subsequent claim") (quotes omitted). Naming additional defendants changes nothing, especially here, where they would be subject to immediate dismissal. *Bryant v. Dougherty County*

*Sch. Sys.*, 382 F. App'x 914, 916 n. 1 (11th Cir. Jun. 15, 2010) (Title VII permits suits against a plaintiff's *employer*, not against supervisors in their individual capacity); *Fulst v. Thompson*, 2009 WL 4153222 at * 3-4 (S.D. Ohio Nov. 20, 2009) ("Supervisory employees are not typically proper defendants under Title VII because they do not fall within the definition of 'employer.'").[1]

Moreover, Bigglest has failed to furnish an EEOC right-to-sue letter, which is a statutory precondition to suit. *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996). And he would be untimely by a wide margin if he sought to proceed under the initial letter. 42 U.S.C. § 2000e 5(f)(1) (requiring Title VII plaintiffs to file suit within 90 days of receipt of the EEOC's right-to-sue letter); *see also* 42 U.S.C. 2000e-5(e)(1) (requiring that the charges be submitted to the EEOC within 180 days after the alleged unlawful employment practice occurred, which would undermine any attempt to obtain a new right-to-sue letter).

---

[1] He has not invoked 42 U.S.C. § 1983, which might permit claims against certain individuals. But even if he had, that theory was available to him in his first suit. He failed to invoke it there, and it is thus barred here under *res judicata* principles.

3

For jurisdictional purposes only, then, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* (doc. 2) but advises that this case be **DISMISSED WITH PREJUDICE**. Courts, meanwhile, protect their judgments by enjoining losers from re-litigating the same subject matter in new lawsuits. *See, e.g., Maid of The Mist Corp. v. Alcatraz Media, LLC*, 388 F. App'x 940, 941 (11th Cir. 2010) (civil defendant's litigious behavior warranted issuance of permanent injunction prohibiting him from filing any further motion, pleading, or other paper in relation to action, or any new lawsuit in any court involving claims arising from same facts) (cited in *Davis v. v. Biloxi Public School Dist.*, 2011 WL 198124 at * 5 (S.D. Miss. Jan. 20, 2011)). Bigglest should thus be enjoined from re-litigating his termination here or in any other court. *See Ashby v. Polinsky*, 2007 WL 608268 at * 2 (E.D.N.Y Feb. 22, 2007) (ordering plaintiff to show cause why she should not be enjoined from filing any more cases challenging foreclosure), *aff'd*, 328 F. App'x 20 (2nd Cir. 2009); *Swiatkowski*, 745 F.Supp.2d at 175-76 (warning that an injunction would issue in the face of repeated foreclosure re-litigation); 28 U.S.C. § 2283.

Finally, since this is another in a growing string of frivolous cases,[2] Bigglest should be barred from filing any more lawsuits until he first posts a $100 frivolity bond,[3] which will be subject to forfeiture upon a finding that any new suit is utterly without merit. And if that does not work, then stronger remedies may be required. *See Chapman v. Executive Committee of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir. 2009) (court executive committee's order directing destruction of any papers submitted either directly or indirectly by or on behalf of vexatious pro se litigant was not an abuse of discretion; order was not an absolute bar since it contained a provision under which

---

[2] *Bigglest v. Deloach*, No. CV411-113 (S.D. Ga. June 27, 2011) (dismissed for lack of jurisdiction); *Bigglest v. Deloach*, No. CV411-122 (S.D. Ga. June 13, 2011) (dismissed as duplicative); *see also Bigglest v. The Mayor and Alderman of the City of Savannah*, No. CV412-259 (S.D. Ga. filed Oct. 16, 2012) (case due to be dismissed as duplicative of this case); *Bigglest v. Coastal Harbor Treatment Ctr.*, No. CV403-141 (S.D. Ga. Jan. 30, 2004) (dismissed for failure to attend his own deposition).

[3] *See Robbins v. Usher Raymond, IV*, No. CV411-193, doc. 9 at * 1 (S.D. Ga. Aug. 29, 2011) (barring Robbins from filing any more suits without posting a $100 frivolity bond; explaining that the bond would be forfeit for the next frivolous law suit Robbins filed); *Robbins v. Universal Motown*, No. CV412-208, doc. 3, 2012 WL 3984404 at * 1 (S.D. Ga. Sep. 11, 2012) (directing clerk to forfeit that bond and advising that another one be imposed), *adopted*, doc. 8, 2012 WL 4468724 at * 1 (S.D. Ga. Sep. 25, 2012).

the restriction might be lifted, and filing bar was also narrowly tailored to litigant's abuse of the courts).[4]

**SO REPORTED AND RECOMMENDED** this  22nd  day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] The *Chapman* court distinguished *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008), which disapproved of a similar order entered by this Court imposing a permanent bar on an abusive prisoner litigant.